**Form 149**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Brentley Glenn Roxby**
**Terri Ann Roxby**
    Debtor(s)

Bankruptcy Case No.: 17–70244–JAD
Issued Per Sep. 15, 2017 Proceeding
Chapter: 13
Docket No.: 36 – 9
Concil. Conf.: October 19, 2017 at 01:30 PM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

### *(1.)  PLAN CONFIRMATION:*

        IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated April 10, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐  A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐  B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑  C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Oct. 19, 2017 at 01:30 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐  D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐  E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐  F.     shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐  G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑  H.    Additional Terms: The claim of Toyota Lease Trust at Claim No. 2 shall be moved to Section 8 of the plan with 25 payments starting at month 1 of the plan.
The claim of Citizens Bank at Claim No. 3 will be put on reserve as debtor son is paying this directly.
The claim of First National Bank at Claim No. 6 shall govern, to be paid at 4 percent in section 5 of the plan in an amount to be determined by the Trustee.
The claim of Toyota Motor Credit at Claim No. 7 shall be put on reserve as debtor son is paying directly.

Only counsel for a Johnstown Debtor(s) in the Johnstown area may participate in plan conciliation conferences by telephone. Counsel for the Debtor outside of the Johnstown area may appear telephonically, ONLY IF Counsel for the Debtor is responsible for originating the telephone call to the Chapter 13 Trustee's meeting room, by calling, 412–258–3557 at the time designated for the conciliation conference. If applicable as stated above, any party filing an objection to the plan must make arrangements with counsel for the Debtor to be included in the call, utilizing a third–party conference call service if necessary. The call shall not be placed to the Trustee's meeting room until AFTER all parties have been connected to the call. Only the parties who file and serve timely objections will be included in the telephonic hearing.

*(2.)*   *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*


**A.       Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.        Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.        Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.        Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.        Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)    IT IS FURTHER ORDERED THAT:*

**A.**        After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**        Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**        Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**        Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**        The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**        In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: September 21, 2017

Jeffery A. Deller
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                          Case No. 17-70244-JAD
Brentley Glenn Roxby                                            Chapter 13
Terri Ann Roxby
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-7          User: jhel           Page 1 of 2           Date Rcvd: Sep 21, 2017
                              Form ID: 149         Total Noticed: 27


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 23, 2017.
db/jdb       +Brentley Glenn Roxby,   Terri Ann Roxby,   335 Belmont Street,   Johnstown, PA 15904-1551
cr           +Peoples Natural Gas Company LLC,   c/o S. James Wallace, P.C.,   845 N. Lincoln Ave.,
              Pittsburgh, PA 15233-1828
14684600     +1ST Summit Bank,   Attn: Collection Dept.,   125 Donald Lane,   PO Box 5480,
              Johnstown, PA 15904-5480
14389587     +AT & T Universal Card,   P.O. Box 9001037,   Louisville, KY 40290-1037
14389586     +AmeriServ Visa,   P.O. Box 790408,   Saint Louis, MO 63179-0408
14389585     +American Education Service,   Harrisburg, PA 17130-0001
14389588     +Atlantic Broadband,   c/o Credit Protection Association,   P.O. Box 802068,
              Dallas, TX 75380-2068
14389589     +Boscov's,   P.O. Box 71106,   Charlotte, NC 28272-1106
14389590     +Chan Soon-Shiong Medical Center,   600 Somerset Avenue,   Windber, PA 15963-1331
14405244     +Citizens Bank N.A.,   1 Citizens Drive Mailstop ROP15B,   Riverside, RI 02915-3019
14389591     +Citizens One Auto Finance,   P.O. Box 42113,   Providence, RI 02940-2113
14389592     +Discover Card,   P.O. Box 742655,   Cincinnati, OH 45274-2655
14389593      First National Bank,   4140 Estate State Street,   Hermitage, PA 16148
14389597     +Sears Credit Card,   P.O. Box 183081,   Columbus, OH 43218-3081
14389598     ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
              (address filed with court:  Toyota Financial,   P.O. Box 5855,   Carol Stream, IL 60197)
14404784     +Toyota Lease Trust,   c/o Toyota Motor Credit Corporation,   PO Box 9013,
              Addison, Texas 75001-9013
14409756     +Toyota Motor Credit Corporation,   PO Box 9013,   Addison, Texas 75001-9013
14672099      U.S. Bank NA dba Elan Financial Services,   Bankruptcy Department,   PO Box 108,
              St. Louis MO 63166-0108

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14673227     +E-mail/Text: bankruptcy@cavps.com Sep 22 2017 00:58:10      Cavalry SPV I, LLC,
              500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-1340
14398513      E-mail/Text: mrdiscen@discover.com Sep 22 2017 00:57:33      Discover Bank,
              Discover Products Inc,   PO Box 3025,   New Albany, OH  43054-3025
14389594     +E-mail/PDF: gecsedi@recoverycorp.com Sep 22 2017 00:59:22     J.C. Penney,   P.O. Box 960090,
              Orlando, FL 32896-0090
14647471      E-mail/PDF: resurgentbknotifications@resurgent.com Sep 22 2017 00:59:23
              LVNV Funding, LLC its successors and assigns as,   assignee of Citibank, N.A.,
              Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
14389595     +E-mail/PDF: gecsedi@recoverycorp.com Sep 22 2017 00:59:30     Lowe's,
              c/o Synchrony Bank ATTN: Bankrutpcy Dep,   P.O. Box 965060,   Orlando, FL 32896-5060
14672939     +E-mail/Text: bankruptcydpt@mcmcg.com Sep 22 2017 00:58:00     MIDLAND FUNDING LLC,
              PO BOX 2011,   WARREN, MI 48090-2011
14681622      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 22 2017 01:13:35
              Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
14390169     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 22 2017 01:12:53
              PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
14389599     +E-mail/PDF: gecsedi@recoverycorp.com Sep 22 2017 00:54:05     Wolf Furniture,
              c/o Synchrony Bank,   P.O. Box 960061,   Orlando, FL 32896-0061
                                                                            TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            Toyota Motor Credit Corporation
14389596      Sallie Mae
cr*          +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                  TOTALS: 2, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 23, 2017                          Signature:  /s/Joseph Speetjens

District/off: 0315-7          User: jhel          Page 2 of 2          Date Rcvd: Sep 21, 2017
                             Form ID: 149         Total Noticed: 27

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 21, 2017 at the address(es) listed below:
          Forrest B. Fordham, III    on behalf of Debtor Brentley Glenn Roxby FFordhamlaw@msn.com,
           fordham-law@hotmail.com
          Forrest B. Fordham, III    on behalf of Joint Debtor Terri Ann Roxby FFordhamlaw@msn.com,
           fordham-law@hotmail.com
          James  Warmbrodt    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
           srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                              TOTAL: 6