**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**IN RE:**

| | | |
|---|---|---|
| **BRENTLEY GLENN ROXBY and** ) | **CASE NO. 17-70244-JAD** |
| **TERRI ANN ROXBY,** ) | |
| Debtors ) | **CHAPTER 13** |

_____

| | | |
|---|---|---|
| **BRENTLEY GLENN ROXBY and** ) | |
| **TERRI ANN ROXBY,** ) | |
| Movants, ) | **DOCUMENT NO. _____** |
| vs. ) | |
| ) | **HEARING DATE AND TIME:** |
| **RONDA J. WINNECOUR, TRUSTEE,** ) | **April 5, 2019 @ 11:00 a.m.** |
| Respondent ) | |

**ORDER CONFIRMING SALE OF REAL ESTATE FREE**
**AND DIVESTED OF LIENS**

*AND NOW*, this _____ day of _____, 2019, upon consideration of the Debtors Motion To Sell Real Estate Free and Divested of Liens to 2B Development, LLC, after hearing held in Courtroom B, Penn Traffic Building,, Johnstown, PA 15901, the Court finds:

1. That the service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for sale, viz:

| **DATE OF SERVICE** | **NAME OF LIEN OR AND SECURITY** |
|---|---|
| March 11, 2019 | **First National Bank** |
| | **One FNB Boulevard** |
| | **Hermitage, PA 16148** |
| | |
| | **Assigned to:** |
| March 11, 2019 | **CL45 MW Loan 1, LLC** |
| | **3144 S. Winton Road** |
| | **Rochester, NY 14623** |

2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Movant as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

3. That said sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1( c) on March 18, 2019, in the **Somerset County Legal Journal** on March 15, 2019 and in the **Daily American** on March 19, 2019, as shown by the Proof of Publications duly filed or to be filed.

4. That at the sale hearing no higher offers were received and no objections to the sale were made which would result in cancellation of said sale.

5. That the price of **$200,000.00** offered by **2B DEVELOPMENT, LLC** is a full and fair price for the property in question.

6. That the purchaser is acting in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc*., 788 F2d 143 (C.A.3, 1986).

**NOW THEREFORE, IT IS ORDERED, AND DECREED** that the private sale by special warranty deed of the real property described in the Motion as 1101 Graham Avenue, Windber, Pennsylvania, is hereby confirmed to 2B Development, LLC for $200,000.00, free and divested of the liens herein described; and, that the Trustee shall make, execute and deliver to the purchasers above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale.

The sale of the Premises shall be in "**AS IS**", "**WHERE IS**" conditions, without representation of warranties of any kind whatsoever, and the participation of the purchaser in the sale process shall constitute an agreement and representation that the purchaser has inspected the Premises, and is purchasing the same solely on the basis of such inspection, and not as the result of any representation of any kind whatsoever by the Debtor, or his agents, except as otherwise set forth herein.

**IT IS FURTHER ORDERED** that afer due notice to the claimants, lien creditors, and interest holders, and no objection on their parts having been made or, if made, resolved/overruled, the following expenses/costs shall immediately be paid at the time of closing:

- a.) First Mortgage holder CL 45 MW Loan 1, LLC to be paid in full,
- b.) Current real estate taxes pro-rated to the date of closing;
- c.) Daily American - Advertising in the sum of $68.00;
- d.) Somerset Legal Journal - Advertising in the sum of $75.00;
- e.) Attorney Fees to Forrest B. Fordham, III, in the sum of $1,500.00;
- f.) Filing Fee of Motion Reimbursement to Forrest B. Fordham, III - $181.00
- g.) 1% Transfer Tax;
- h.) Any delinquent Water and Sewer; Gas; Electric;
- i.) Municipal Certifications;
- j) Delinquent real estate taxes on the property;
- k) ½ Sales Proceeds to Barry Russo;
- l.) Ch. 13 Trustee Fees at 0%;
- m.) ½ of Sales Proceeds to Brently Roxby shall be disbursed to the Chapter 13 Trustee.

Failure of the closing agent to timely make disbursement required by this Order will subject the closing agent to monetary sanctions after notice and hearing.

**IT IS FURTHER ORDERED** that the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtors, the purchasers, and the attorney for the purchasers, if any, and file a certificate of service.

**IT IS FURTHER ORDERED** that closing shall occur within thirty (30) days of this Order and the Movant shall file a report of sale within seven (7) days following closing.

BY THE COURT:

_____
**JEFFERY A. DELLER**
**UNITED STATES BANKRUPTCY COURT**